# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:18-cv-00034-KDB
## (CRIMINAL CASE NO. 5:06-cr-00035-KDB-DCK-14)

| | | |
|---|---|---|
| JACKIE CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 4].

## I.    BACKGROUND

On June 28, 2006, Petitioner Jackie Clark ("Petitioner") was one of fourteen individuals charged in a sixteen-count Bill of Indictment.  [CR Doc. 3: Bill of Indictment].  Petitioner was charged with one count of conspiracy to manufacture and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841 (a)(1) and (b)(1)(A) (Count One), and one count of knowingly and intentionally enticing and coercing persons under the age of eighteen to engage in drug activity, all in violation of 21 U.S.C. §§ 841 and 861 (Count Fifteen).  [Id.].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:18-cv-00034-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:06-cr-00035-KDB-DCK-14.

On August 28, 2006, the Government filed a Notice of Intention to Seek Enhanced Penalties under Title 21 U.S.C. § 851, citing Petitioner's prior felony drug convictions in North Carolina. [CR Doc. 121]. Petitioner proceeded to trial on these charges and a jury convicted him of both. [CR Doc. 333: Jury Verdict]. After his arrest and before trial, Petitioner made numerous threats to hurt or kill anyone who testified against him. [CR Doc. 407 at ¶ 21: Presentence Investigation Report (PSR)].

Before Petitioner's sentencing, a probation officer prepared a PSR, which noted, in part, that:

> Since January 2001, the Caldwell County, NC Sheriff's Office, the Drug Enforcement Administration and other law enforcement agencies have been investigating the manufacturing and distribution of methamphetamine in the Caldwell, Lincoln, Burke and Catawba Counties of NC. Over the period of five years, the individuals involved in this conspiracy were responsible for at least 100 pounds of methamphetamine. This investigation utilized interviews with historical drug witnesses, searches and seizures, controlled drug transactions and audio-recordings of suspects discussing their illegal activities. The investigation revealed that the individuals named in this Indictment and numerous other individuals were involved in the distribution of large amounts of methamphetamine.

[CR Doc. 407 at ¶ 5: PSR]. Petitioner purchased from and sold methamphetamine to three other members of this conspiracy and was known to trade tattoo work for drugs. [Id. at ¶¶ 20, 22]. Petitioner also involved his 15-year-old daughter in drug activity, giving her and her younger friends methamphetamine for use and giving his daughter marijuana to sell for him. [Id. at ¶ 20].

The probation officer found Petitioner's criminal history category to be VI and his Total Offense Level to be 37. [Id. at ¶¶ 37, 56]. In the offense level computation, the probation officer noted that Petitioner had been convicted of breaking and entering and voluntary manslaughter and, that because the instant offense involves a controlled substance offense and Petitioner was 18 years or older at the time of its commission, Petitioner was a career offender within the meaning of

2

U.S.S.G. § 4B1.1.  [Id. at ¶ 35].  The probation officer found, however, that the offense level under U.S.S.G. § 4B1.1 was 37, which was the same as the adjusted offense level with the other enhancements.  [Id. at ¶¶ 29-35].  The resultant guidelines range for imprisonment was 360 months to life, U.S.S.G. § 5G1.1(c)(2).  [Id. at ¶ 87].  The probation officer recommended a statutory term of imprisonment on Count One as not less than life, 21 U.S.C. §§ 841(b)(1)(A) and 851, and a term twice the maximum punishment otherwise authorized on Count Fifteen, 21 U.S.C. § 861(b). [Id. at ¶ 86].  The probation officer, therefore, concluded that because the statutory minimum sentence of imprisonment is greater than the minimum of the guideline range, the guideline term is life, U.S.S.G. § 5G1.1(c)(2).  [Id. at ¶ 87].  On December 6, 2010, a revised PSR was filed.  [CR Doc. 505: Revised PSR].  The factual allegations and recommended TOL, Criminal History Category, and guidelines and statutory sentences were the same as the original PSR.  [Id. at ¶¶ 37, 56].

Petitioner's sentencing hearing was held on December 14, 2010.  The Court accepted the PSR sentencing recommendations and sentenced Petitioner to a term of life on each count, to be served concurrently.  [CR Doc. 509 at 2: Judgment; CR Doc. 510: Statement of Reasons]. Judgment on this conviction was entered on December 21, 2010.  [CR Doc. 509].  Petitioner appealed the judgment entered on his conviction.  [CR Doc. 512].  On appeal, Petitioner argued, in pertinent part, that this Court erred in determining that his prior North Carolina convictions were felonies for the purpose of sentencing enhancements under § 841(b)(1)(A).  [CR Doc. 536 at 6]. While Petitioner's appeal was pending, United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011), was decided.  [Id. at 7].  In Simmons, the Fourth Circuit overruled United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), to hold that "a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for

such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense." [Id. at 7-8 (citing Simmons, 649 F.3d at 247)]. In Petitioner's case, the Fourth Circuit held that, under Simmons, his "two North Carolina convictions were not felonies for purposes of 21 U.S.C. § 841(b)(1)(A) because they were not punishable by more than a year of incarceration." [Id. at 8]. The Court, therefore, concluded that this Court erred in finding that Petitioner was subject to a mandatory life sentence under § 841(b)(1)(A) and remanded the case to this Court for resentencing. [Id.].

On April 2, 2012, Petitioner's resentencing hearing was held. Before resentencing, a probation officer prepared a Supplement to the PSR in which she noted that Petitioner's two prior North Carolina felony drug convictions were no longer considered felony drug convictions for purposes of sentencing enhancement under 21 U.S.C. § 851, but that "these revisions do not affect the predicate offenses for career offender." [CR Doc. 540 at 1: Supplement to PSR]. The probation officer found that the statutory term of imprisonment for Count One was not less than 10 years nor more than life, 21 U.S.C. § 841(b)(1)(A), and for Count Fifteen twice the maximum punishment otherwise authorized, 21 U.S.C. § 861(b). [Id. at ¶ 1]. The guidelines range remained 360 months to life. [Id. at ¶ 2]. The Court sentenced Petitioner to a term of imprisonment of 240 months on each of Counts One and Fifteen, to be served concurrently. [CR Doc. 542: Amended Judgment]. The Court explained the reasons for the variance downward from the guidelines range, including the need to avoid unwarranted sentencing disparities and post-conviction rehabilitation. [CR Doc. 543 at 4: Statement of Reasons]. Petitioner appealed the Amended Judgment, questioning "whether the district court properly designated [Petitioner] as a career offender." [CR Docs. 544, 556]. The Fourth Circuit affirmed the Amended Judgment. [CR Doc. 556].

On October 24, 2014, Petitioner filed a pro se motion for reduction of sentence pursuant to

18 U.S.C. § 3582(c)(2), which the Court denied after the Federal Defenders of Western North Carolina filed a notice of Petitioner's ineligibility for relief under that provision. [CR Docs. 563, 564, 567]. On June 16, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his two prior "crime of violence" convictions, a 1988 North Carolina conviction for breaking and entering and a 1992 North Carolina conviction for voluntary manslaughter, no longer qualified him for a career offender enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). [CR Doc. 569]. On March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017), which directly foreclosed Petitioner's grounds for relief under § 2255. Namely, the Supreme Court held that, unlike the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), in Johnson, the advisory guidelines were not subject to vagueness challenges. Beckles, 137 S. Ct. at 890. Thereafter, Petitioner filed a notice of dismissal of his § 2255 motion, citing Jackson v. United States, 245 Fed. App'x 258 (4th Cir. 2007) (unpublished), which held that the voluntary dismissal of a § 2255 motion under Federal Rule of Civil Procedure 41(a)(1) does not trigger the "second or successive" procedures under § 2255(f). [CR Doc. 576].

On February 26, 2018, Petitioner filed the pending motion to vacate under § 2255. [CV Doc. 1]. The Court conducted an initial screening of Petitioner's motion and ordered the Government to respond. [CV Doc. 3]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 4]. The Court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his right to respond within 14 days of that order. [CV Doc. 5]. Petitioner has not responded, and the deadline has passed.

As grounds for the instant motion, Petitioner argues that (1) his "[p]rior convictions no

longer qualify as Career Offender Predicates," and (2) he is "entitle[d] to mitigating role sentence reduction under Amendment 794 pursuant to USSG § 3B1.2." [CV Doc. 1 at 4-5]. Petitioner claims this motion was "timely filed under 28 U.S.C. § 2255(f)(3) because it was initially filed within one year of the Supreme Court's decision in" <u>Johnson</u> and he entitled to equitable tolling as to this refiled petition. [CV Doc. 1 at 13-16]. Petitioner seeks reduction in his sentence to time served with immediate release. [CV Doc. 1 at 12].

This matter is now ripe for disposition.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence, or [when] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In this case, the Government argues at length that Petitioner's motion should be dismissed as a second or successive petition because he voluntarily dismissed his first § 2255 motion. [<u>See</u> CV Doc. 4 at 5-8]. The Government contends that "[a] movant's withdrawal of a § 2255 motion in anticipation of its denial on the merits [ ] renders a subsequent motion successive. [<u>Id.</u> at 6

6

(citing <u>Felder v.McVicar</u>, 113 F.3d 696, 698 (7th Cir. 1997))]. The Government recognizes the Fourth Circuit's holding in <u>Jackson</u> that a voluntary dismissal is not an adjudication on the merits, but argues it is not precedential and seeks to distinguish it. [<u>Id.</u> at 7]. Because Petitioner's § 2255 motion is untimely, this Court need not address that issue.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To be entitled to equitable tolling of this limitations period, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>U.S. v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (quoting <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003), <u>cert.</u> <u>denied</u>, 541 U.S. 905, 124 S.Ct. 1605 (2004)). Equitable tolling is limited to "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Whiteside v. United States</u>,

7

775 F.3d 180, 185 (4th Cir. 2014) (en banc) (quoting Rouse, 339 F.3d at 246).

Petitioner's conviction became final on January 8, 2013, at the latest, after the expiration of the 90-day period to petition the Supreme Court for review of the appeal from the amended judgment on Petitioner's resentencing. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding the limitations period begins to run when the time for seeking review expires). Petitioner, therefore, had one year, or until January 8, 2014, to file a motion to vacate. The instant motion was not filed until February 21, 2018. [CV Doc. 1].

Petitioner contends that he is entitled to equitable tolling because, at the request of the Government, his first § 2255 motion was stayed pending the Supreme Court's decision in Beckles, he filed his second § 2255 motion within a year of Beckles, and it took several weeks for him to receive his property after he was transferred to a new prison facility. [CV Doc. 1 at 13-16]. Petitioner's arguments are without merit.

First, Petitioner's first § 2255 motion was filed after the expiration of the limitations period. See United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017), cert. denied, 2018 WL 2877128 (2018) (holding Johnson-based challenge to career offender guideline untimely because Johnson did not invalidate that guideline's residual clause). Furthermore, Petitioner has failed to show why his having filed the instant motion within one year of Beckles renders it timely where Beckles forecloses his career offender challenge. [See CV Doc. 1 at 15]. Finally, Petitioner's claim that his transfer between prison facilities supports application of equitable tolling is unavailing. Petitioner has not shown that this transfer occurred during the one-year limitations period and, even if it did, that he was diligent in attempting to assert his rights or that such a transfer constituted an extraordinary circumstance. See Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D. Va. 2009) ("[R]outine prison transfers do not warrant equitable tolling."). As such, Petitioner's motion is

time barred and Petitioner has not shown a basis to apply equitable tolling.

The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner § 2255 motion and grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 4] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: July 20, 2020

Kenneth D. Bell
United States District Judge